1  Darrell J. York, Esq. (SBN 145601)
2  Sarah L. Garvey, Esq. (SBN 202491)
   YORK & GARVEY
3  137 N. Larchmont Blvd., #506
4  Los Angeles, CA   90004
   Telephone:  (866) 908-2121
5  Telecopier:  (877) 221-3306
6  Email:  djylaw@gmail.com
7  Email:  sarahgarvey@yahoo.com

8  Attorneys for Plaintiff S.T., by and through his *guardian ad litem* Jessica Niblett,
9  individually and as successor in interest to Albert B. Thompson.

10

11               **UNITED STATES DISTRICT COURT**

12             **EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 13  S.T., a minor by and through his | ) Case No. |
| 14  *guardian ad litem* Jessica Niblett, | ) |
| individually and as successor in | ) **COMPLAINT FOR DAMAGES:** |
| 15  interest of Albert B. Thompson, | ) (1) Unreasonable Search and Seizure— |
| 16  deceased, | ) Detention and Arrest (42 U.S.C. § 1983) |
| | ) (2) Unreasonable Search and Seizure— |
| 17 | ) Excessive Force (42 U.S.C. § 1983) |
| 18                    Plaintiff, | ) (3) Unreasonable Search and Seizure— |
|        v. | ) Denial of Medical Care (42 U.S.C. § |
| 19 | ) 1983) |
| 20  CITY OF CERES; JUSTIN | ) (4) Substantive Due Process (42 U.S.C. |
| CANATSY; JESUS SALINAS; and | ) § 1983) |
| 21  DOES 1-10; inclusive, | ) (5) Municipal Liability for |
| | ) Unconstitutional Custom, Practice, or |
| 22                    Defendants. | ) Policy (42 U.S.C. § 1983) |
| 23 | ) (6) False Arrest/False Imprisonment |
| | ) (7) Battery (Wrongful Death) |
| 24 | ) (8) Negligence (Wrongful Death) |
| 25 | ) (9) Bane Act (Cal. Civil Code § 52.1) |
| 26 | ) |
| 27  _____ | ) **JURY TRIAL DEMANDED** |
| 28 | ) |

1

Complaint for Damages; Demand for Jury Trial

## COMPLAINT FOR DAMAGES

S.T., a minor by and through his *guardian ad litem* Jessica Niblett, individually and as successor in interest of Albert B. Thompson, deceased ("Plaintiff"), for his Complaint against Defendants CITY OF CERES; JUSTIN CANATSY; JESUS SALINAS; and DOES 1-10, inclusive, alleges as follows:

## INTRODUCTION

1.      This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the fatal police shooting of Plaintiff's father, Albert B. Thompson ("DECEDENT"), on January 5, 2016 in Ceres, California.

2.      The policies and customs behind shootings of civilians such as DECEDENT are fundamentally unconstitutional and constitute a menace of major proportions to the public.  Accordingly, insofar as Plaintiff herein seeks by means of this civil rights action to hold accountable those responsible for the killing of DECEDENT and to challenge the unconstitutional policies and practices of the City of Ceres and the Ceres Police Department, this civil rights action is firmly in the public interest.

## JURISDICTION AND VENUE

3.      This civil case is brought for redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. § 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendments of the United States Constitution, and California law.  This Court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has jurisdiction over Plaintiff's supplemental state law claims pursuant to 28 U.S.C. § 1367 as those claims arise out of the same transactions and occurrences as Plaintiff's federal question claims.

4.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events, occurrences, acts and omissions giving rise to this action occurred in the County of Stanislaus, California.

5.     In regards to Plaintiff's state causes of action, a timely application to present a late claim and related comprehensive governmental tort claim under California Government Code § 910, et seq. were filed with the City of Ceres.  The City of Ceres received said application and tort claim on August 11, 2016. Plaintiff's attorney received a notice from the City of Ceres dated October 11, 2016 that the application to present a late claim was granted.   Plaintiff's attorney also received a notice from the City of Ceres dated October 13, 2016 that the tort claim was presented to the City of Ceres on October 11, 2016 and rejected by operation of law on October 12, 2016.  This action was timely filed pursuant to California Government Code § 945.6.

## PARTIES

6.     At all relevant times, DECEDENT was an individual residing in California.

7.     Plaintiff S.T. is a minor individual residing in the County of Stanislaus, California and is the natural born child of DECEDENT.  S.T. sues by and through his *guardian ad litem* Jessica Niblett both in his individual capacity as the child of DECEDENT and in a representative capacity as successor in interest to DECDENT.  S.T. seeks both survival and wrongful death damages under federal and state law.  The application for appointment as *guardian ad litem* by Jessica Niblett for S.T. and proposed order, as well as the declaration required by California Code of Civil Procedure § 377.32, are being filed concurrently with this Complaint.

8.     Defendant JUSTIN CANATSY ("CANATSY") is and at all relevant

times was a police officer employed by CITY OF CERES ("CITY") and the Ceres Police Department ("CERES PD"), acting under color of law within the course and scope of his duties and office as an officer for CITY.  At all relevant times, Defendant CANATSY was a duly authorized employee and/or agent of CITY, subject to oversight and supervision by CITY'S elected and non-elected officials. At all relevant times, Defendant CANATSY was acting with the complete authority and ratification of his principal, CITY.  Defendant CANATSY is sued in his individual capacity.

9.     Defendant JESUS SALINAS ("SALINAS") is and at all relevant times was a police officer employed by CITY and CERES PD, acting under color of law within the course and scope of his duties and office as an officer for CITY. At all relevant times, Defendant SALINAS was a duly authorized employee and/or agent of CITY, subject to oversight and supervision by CITY'S elected and non-elected officials.  At all relevant times, Defendant SALINAS was acting with the complete authority and ratification of his principal, CITY.  Defendant SALINAS is sued in his individual capacity.

10.     Each of Defendant DOES 1 to 5 ("DOES 1 to 5") is and at all relevant times was a police officer employed by CITY and CERES PD, acting under color of law within the course and scope of his or her duties and office as an officer for CITY.  At all relevant times, each of Defendant DOES 1 to 5 was a duly authorized employee and/or agent of CITY, subject to oversight and supervision by CITY'S elected and non-elected officials.  At all relevant times, each of such DOES 1 to 5 was acting with the complete authority and ratification of his or her principal, CITY.  Each of Defendant DOES 1 to 5 is sued in his or her individual capacity.

11.     Each of Defendant DOES 6 to10 ("DOES 6 to 10") is a managerial,

supervisorial, and/or policymaking employee for the CITY and/or CERES PD.  At all relevant times, each of DOES 6 to 10 was acting under color of law within the course and scope of his or her duties as a managerial, supervisorial, and/or policymaking employee for the CITY and/or CERES PD.  At all relevant times, each of Defendant DOES 6 to 10 was a duly authorized employee and/or agent of CITY, subject to oversight and supervision by CITY'S elected and non-elected officials.  At all relevant times, each of such DOES 6 to 10 was acting with the complete authority and ratification of his or her principal, CITY.  Each of such DOES 6 to 10 is sued in his or her individual and/or official capacities as officers, sergeants, captains, commanders, supervisors and/or as civilian employees, agents, policy makers, and representatives for CITY and/or CERES PD.

12.     At all relevant times, Defendant CITY is and was a duly organized public entity, form unknown, existing under the laws of the State of California.  CITY is a chartered subdivision of the State of California with the capacity to be sued.  CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including CERES PD and agents and employees of CERES PD, including Defendants CANATSY, SALINAS, and DOES 1 to 10.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of CITY and CERES PD and its employees and agents complied with the laws and Constitutions of the United States and the State of California.  At all relevant times, CITY was the employer of all Defendants.

13.     In doing the acts and failing and omitting to act as hereinafter described, Defendants CANTASY, SALINAS, and DOES 1 to 10 were acting on the implied and actual permission and consent of CITY.

14.     The true names and capacities, whether individual, corporate,

association or otherwise of Defendant DOES 1 to 10 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained.  Plaintiff is informed and believes and thereon alleges that each fictitiously named Defendant is responsible in some manner for the conduct or liabilities alleged herein.

15.     Plaintiff is informed and believes and thereon alleges that each Defendant is, and at all relevant times was, the agent, employee, representative, successor, and/or assignee of each other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each other Defendant.  Each Defendant, in doing the acts, or in omitting to act as alleged herein, was acting within the scope of his or her actual and apparent authority or the alleged acts and omissions of each Defendant as agent subsequently were ratified and adopted by each other Defendant as principal.

16.     Each of the Defendants caused and is responsible for the unlawful conduct alleged herein, and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so; by authorizing, acquiescing or failing to take action to prevent the unlawful conduct; by promulgating policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiff's and DECDENT'S rights, to initiate and maintain adequate supervision and/or training; and, by ratifying the unlawful conduct that occurred by agents and peace officers under their direction and control.  Whenever and wherever reference is made in this Complaint to any act by a Defendant such allegation and reference shall also be deemed to mean the acts and failures to act of each Defendant individually, jointly and severally.  Each of the Defendants is the agent of the other.

Complaint for Damages; Demand for Jury Trial

17.  DECEDENT died as a direct and proximate result of the actions of Defendants.

18.  Defendants CANTASY, SALINAS, and DOES 1 to 5 are directly liable for Plaintiff's and DECEDENT'S injuries under federal law pursuant to 42 U.S.C. § 1983.

19.  Defendant CITY and DOES 6 to 10 also are liable for Plaintiff's and DECEDENT'S injuries under federal law pursuant to 42 U.S.C. § 1983 because said Defendants are liable under principles set forth in *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

20.  Defendants also are liable for Plaintiff's and DECDENT'S injuries under California law and under the doctrine of *respondeat superior*.  Liability under California law for public entities and public employees is based on California Government Code §§ 815.2, 820, and 820.8.

## STATEMENT OF FACTS

21.  Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth therein.

22.  In the evening hours of January 5, 2016, in the parking lot of an apartment complex located at 2601 Don Pedro Ave. in Ceres, CA, DECEDENT sustained injuries, pain and suffering, and death when he was shot by Defendants CANATSY, SALINAS, and DOES 1 to 5, on-duty police officers for CITY and CERES PD, who were acting under color of law and as employees of CITY. Plaintiff is informed and believes and thereon alleges that DECEDENT was running away from said Defendants when they shot him, and that DECEDENT was unarmed at the time of the shooting and posed no imminent threat of death or serious bodily injury to any person.

23.    Plaintiff is informed and believes and thereon alleges that said Defendants were on foot patrol in the area and, prior to shooting DECEDENT, said Defendants attempted to detain DECEDENT without any reason or justification therefor.  DECEDENT ran away from said Defendants, at which time said Defendants shot at DECEDENT multiple times, striking and killing him.

24.    Plaintiff is informed and believes and thereon alleges that after shooting DECEDENT, Defendants CANATSY, SALINAS, and DOES 1 to 5 placed DECEDENT in handcuffs.

25.    Plaintiff is informed and believes and thereon alleges that after being shot, DECEDENT collapsed onto the ground.  DECEDENT was gravely injured, bleeding, and in obvious and critical need of immediate emergency medical care and treatment.  But instead of immediately providing or facilitating emergency medical care and treatment, Defendants CANATSY, SALINAS, and DOES 1 to 5 handcuffed DECEDENT.  Said Defendants ignored DECEDENT'S need for immediate medical treatment and instead left him handcuffed and kept emergency response personnel away from him, such that said emergency responders were unable to immediately administer timely medical care to DECEDENT.  The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering and was a contributing cause of DECEDENT'S death.

26.    Defendants CANATSY, SALINAS, and DOES 1 to 5 integrally participated in or failed to intervene in the shooting of DECEDENT, as well as in the detention of DECEDENT and denial of medical care to DECEDENT.

27.    The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT did not pose an immediate threat of death or serious bodily injury to anyone at the

time he was shot.  The shooting was done with a purpose to harm unrelated to any legitimate law enforcement objective.

28.    Plaintiff was dependent on DECEDENT, including financially dependent.

29.    Plaintiff is DECEDENT'S successor in interest as defined in Section 377.11 of the California Code of Civil Procedure and succeeds to DECEDENT'S interest in this action as the biological child of DECEDENT.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Detention and Arrest (42 U.S.C. § 1983)**
**(Against Defendants CANATSY, SALINAS, and DOES 1 to 5)**

30.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 29 of this Complaint with the same force and effect as if fully set forth herein.

31.    On January 5, 2016, Defendants CANATSY, SALINAS, and DOES 1 to 5 shot DECEDENT and placed DECEDENT in handcuffs.  Prior to shooting DECEDENT, said Defendants also attempted to detain DECEDENT without reason or justification therefor.  In doing the foregoing, said Defendants violated DECEDENT'S right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

32.    Defendants CANATSY, SALINAS, and DOES 1 to 5 detained DECEDENT without reasonable suspicion and arrested him without probable cause.

33.    As a direct and proximate cause of the aforementioned acts of said

Defendants, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and a loss of earning capacity.

34.    As a result of their misconduct, Defendants CANATSY, SALINAS, and DOES 1 to 5 are liable for Plaintiff's and DECDENT'S injuries, either because they were integral participants in the wrongful shooting, detention, and arrest or because they failed to intervene to prevent these violations.  As a result thereof, Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.   Plaintiff also claims loss of financial support.

35.    The conduct of Defendants CANATSY, SALINAS, and DOES 1 to 5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to each of said Defendants.

36.    Plaintiff brings this claim as successor in interest to DECEDENT and seeks both survival and wrongful death damages for the violation of DECEDENT'S rights.

37.    Plaintiff also seeks attorney fees under this claim.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)
### (Against Defendants CANATSY, SALINAS, and DOES 1 to 5)

38.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 37 of this Complaint with the same force and effect as if fully set forth herein.

39.    The unjustified shooting of DECEDENT by Defendants CANATSY,

SALINAS, and DOES 1 to 5 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

40.     The shooting was excessive and unreasonable, especially because DECEDENT posed no immediate threat of death or serous bodily injury to Defendants or anyone else at the time of the shooting.

41.     The shooting of DECEDENT by Defendants CANATSY, SALINAS, and DOES 1 to 5 violated said Defendants' use of force training.

42.     As a direct and proximate cause of the aforementioned acts of said Defendants, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and a loss of earning capacity.

43.     As a result of their misconduct, Defendants CANATSY, SALINAS, and DOES 1 to 5 are liable for Plaintiff's and DECEDENT'S injuries, either because they were integral participants in the excessive force or because they failed to intervene to prevent such excessive force.  As a result thereof, Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.  Plaintiff also claims loss of financial support.

44.     The conduct of Defendants CANATSY, SALINAS, and DOES 1 to 5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to each of said Defendants.

45.     Plaintiff brings this claim as successor in interest to DECEDENT and seeks both survival and wrongful death damages for the violation of DECEDENT'S rights.

46.     Plaintiff claims funeral and burial expenses and a loss of financial support.  Plaintiff also seeks attorney fees under this claim.

## THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

**(Against Defendants CANATSY, SALINAS, and DOES 1 to 5)**

47.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 46 of this Complaint with the same force and effect as if fully set forth herein.

48.     The denial of medical care by Defendants CANATSY, SALINAS, and DOES 1 to 5 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

49.     Defendants CANATSY, SALINAS, and DOES 1 to 5 knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm, physical and emotional pain and suffering, and death.

50.     As a direct and proximate cause of the aforementioned acts of said Defendants, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity.

51.     As a result of their misconduct, Defendants CANATSY, SALINAS, and DOES 1 to 5 are liable for Plaintiff's and DECDENT'S injuries, either because they were integral participants in the failure to provide timely medical treatment or

because they failed to intervene to prevent these violations.  As a result thereof, Plaintiff has been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.  Plaintiff also claims loss of financial support.

52.     The conduct of Defendants CANATSY, SALINAS, and DOES 1 to 5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to each of said Defendants.

53.     Plaintiff brings this claim as successor in interest to DECEDENT and seeks both survival and wrongful death damages for the violation of DECEDENT'S rights.

54.     Plaintiff also seeks attorney fees under this claim.

### FOURTH CLAIM FOR RELIEF
**Substantive Due Process (42 U.S.C. § 1983)**
**(Against Defendants CANATSY, SALINAS, and DOES 1 to 5)**

55.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 54 of this Complaint with the same force and effect as if fully set forth herein.

56.     Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in Plaintiff's familial relationship with his father, DECEDENT.

57.     DECEDENT had a cognizable interest under the Due Process Clause

of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience, including but not limited to unwarranted state interference in DECEDENT'S familial relationship with his son, Plaintiff.

58.     As a result of the excessive force by Defendants' CANATSY, SALINAS, and DOES 1 to 5, DECEDENT died.  Plaintiff was thereby deprived of his constitutional right of familial relationship with DECEDENT.  Said Defendants interfered with the familial relationship between Plaintiff and DECEDENT.

59.     As a result of the excessive force by Defendants' CANATSY, SALINAS, and DOES 1 to 5, DECEDENT died.  DECEDENT was thereby deprived of his constitutional right of familial relationship with Plaintiff.  Said Defendants interfered with the familial relationship between DECEDENT and Plaintiff.

60.     Defendants CANATSY, SALINAS, and DOES 1 to 5 acting under color of state law, thus violated the Fourteenth Amendment rights of Plaintiff to be free from unwarranted interference with his familial relationship with DECEDENT, and also violated the Fourteenth Amendment right of DECEDENT.

61.     The aforementioned actions of CANTASY, SALINAS, and DOES 1 to 5, along with other undiscovered conduct, shock the conscience, in that such Defendants' acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiff, and with purpose to harm unrelated to any legitimate law enforcement objective.

62.     As a direct and proximate cause of the aforementioned acts of said Defendants, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity.

63.     As a result of their misconduct, Defendants CANATSY, SALINAS,

14

and DOES 1 to 5 are liable for Plaintiff's and DECDENT'S injuries, either because they were integral participants in the denial of due process or because they failed to intervene to prevent these violations.  As a result thereof, DECEDENT experienced severe pain and suffering and lost his life and earning capacity. Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.  Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.  Plaintiff also claims a loss of financial support.

64.     The conduct of Defendants CANATSY, SALINAS, and DOES 1 to 5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiff and therefore warrants the imposition of exemplary and punitive damages as to each of said Defendants.

65.     Plaintiff brings this claim individually and as successor in interest to DECEDENT and seeks both survival and wrongful death damages for the violation of Plaintiff's and DECEDENT'S rights.

66.     Plaintiff also is claiming funeral and burial expenses and a loss of financial support.  Plaintiff also seeks attorney fees under this claim.

## FIFTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**
**(Against Defendants CITY and DOES 6 to 10)**

67.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 66 of this Complaint with the same force and effect as if fully set forth herein.

68.   Plaintiff is informed and believes and thereon alleges that Defendants' CANATSY, SALINAS, and DOES 1 to 5 unjustified shooting of DECEDENT, and unreasonable detention and arrest of DECEDENT, and failure to render medical care to DECEDENT, was found to be within the CERES PD and CITY policy.

69.   Plaintiff is informed and believes and thereon alleges that Defendants' CANATSY, SALINAS, and DOES 1 to 5 unjustified shooting of DECEDENT, and unreasonable detention and arrest of DECEDENT, and failure to render medical care to DECEDENT, was ratified by CERES PD and CITY supervisorial officers.

70.   Plaintiff is informed and believes and thereon alleges that none of CANATSY, SALINAS, or DOES 1 to 5 was disciplined for the unjustified shooting of DECEDENT, or for the unreasonable detention and arrest of DECEDENT, or for the failure of said Defendants to render medical care to DECEDENT.

71.   On and for some time prior to January 5, 2016 (and continuing to the present date), Defendants CITY and DOES 6 to 10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced, and applied an official recognized custom, policy, and practice of:

(a)   Encouraging, accommodating, or facilitating the use of excessive and unreasonable force, including deadly force; and other misconduct;

(b)   Employing and retaining police officers and other personnel, including Defendants CANATSY, SALINAS, and DOES 1 to 5, whom

Defendants CITY and DOES 6 to 10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written CERES PD policies, including but not limited to in regards to the use of excessive force and unreasonable detentions and arrests;

(c)     Inadequately supervising, training, controlling, assigning, and disciplining CERES PD police officers and other personnel, including Defendants CANATSY, SALINAS, and DOES 1 to 5, whom Defendants CITY and DOES 6 to 10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including but not limited to the propensity for violence, the use of excessive force, and the making of unreasonable detentions and arrests;

(d)     By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling the intentional misconduct by Defendants CANATSY, SALINAS, and DOES 1 to 5, who are police officers and/or agents of CITY, with respect to the use of deadly force and unreasonable detentions and arrests;

(e)     By failing to discipline CERES PD police officers' and/or agents' conduct, including but not limited to in regards to excessive force and making unlawful detentions and arrests;

(f)     By ratifying the intentional misconduct of Defendants CANATSY, SALINAS, and DOES 1 to 5 and other police officers and/or agents, who are police officers and/or agents of CITY, with respect to the use of deadly force and unreasonable detentions and arrests;

(g)     By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or

reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants CITY and DOES 6 to 10 were maintained with a deliberate indifference to individuals' safety and rights;

(h)     By having and maintaining an unconstitutional policy, custom, and practice of covering up unlawful shootings by CERED PD police officers and other personnel, including by bullying, threatening, and intimidating witnesses and confiscating, mishandling, manipulating, and destroying evidence.  The policies, customs, and practices of Defendants CITY and DOES 6 to 10 were maintained with a deliberate indifference to individuals' safety and rights; and

(i)     By failing to properly investigate claims of unlawful detention and excessive force by police officers and agents, including claims of deadly force.

72.     By reason on the aforementioned policies and practices of Defendants CITY and DOES 6 to 10, DECEDENT was severely injured and subjected to pain and suffering and lost his life.

73.     Defendants CITY and DOES 6 to 10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these Defendants condoned, tolerated, and through actions and inactions thereby ratified such policies.  Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiff, and other individuals similarly situated.

74.     By perpetrating, sanctioning, tolerating, and ratifying the aforementioned outrageous conduct and other wrongful acts, Defendants CITY and DOES 6 to 10 acted with intentional, reckless, and callous disregard for the life of DECEDENT and for DECEDENT'S and Plaintiff's constitutional rights.   The actions of Defendants DOES 6 to 10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrant the imposition of exemplary and punitive damages as to said Defendants.

75.     Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants CITY and DOES 6 to 10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiff.

76.     By reason of the aforementioned acts and omissions, Plaintiff was caused to incur funeral and related burial expenses, and loss of financial support. Plaintiff also has suffered the loss of DECEDENT'S love, companionship, affection, comfort, care, society, and future support.

77.     Accordingly, each of Defendants CITY and DOES 6 to 10 is liable to Plaintiff for compensatory (and, in the case of Defendants DOES 6 to 10, for punitive) damages under 42 U.S.C. § 1983.

78.     Plaintiff also seeks attorney fees under this claim.

## SIXTH CLAIM FOR RELIEF
### False Arrest/False Imprisonment
### (Against all Defendants)

79.     Plaintiff repeats and realleges each and every allegation in paragraphs

Complaint for Damages; Demand for Jury Trial

1 through 78 of this Complaint with the same force and effect as if fully set forth herein.

80.     Defendants CANATSY, SALINAS, and DOES 1 to 5, while working as police officers for CERES PD and CITY and acting within the course and scope of their duties, intentionally deprived DECEDENT of his freedom of movement by use of force, threats of force, menace, fraud, deceit and unreasonable duress.  Said Defendants detained DECEDENT without reasonable suspicion and arrested him without probable cause.

81.     DECEDENT did not knowingly or voluntarily consent.

82.     The conduct of Defendants CANATSY, SALINAS, and DOES 1 to 5 was a substantial factor in causing the harm to DECEDENT and Plaintiff.

83.     As a result of their misconduct, Defendants CANATSY, SALINAS, and DOES 1 to 5 are liable for Plaintiff's and DECEDENT'S injuries, either because they were integral participants in the wrongful detention and arrest or because they failed to intervene to prevent these violations.  As a result thereof, DECEDENT experienced severe pain and suffering and lost his life and earning capacity.  Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body.  Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.  Plaintiff also claims a loss of financial support.

84.     Defendants DOES 6 to 10 are directly liable and responsible for the acts of Defendants CANATSY, SALINAS, and DOES 1 to 5 because said Defendants DOES 6 to 10 failed to adequately train, discipline, supervise, or in any other way control Defendants CANATSY, SALINAS, and DOES 1 to 5 in the exercise of their unlawful use of excessive and lethal force.

85.     Defendant CITY is vicariously liable for the wrongful acts of Defendants CANATSY, SALINAS, and DOES 1 to 10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's acts would subject him or her to liability.

86.     The conduct of Defendants CANATSY, SALINAS, and DOES 1 to 5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to each of said Defendants.

87.     Plaintiff brings this claim as successor in interest to DECEDENT and seeks both survival and wrongful death damages under this claim.

88.     Plaintiff also seeks attorney fees under this claim.

## SEVENTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code § 820 and California Common Law)

### (Against all Defendants)

### (Wrongful Death)

89.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 88 of this Complaint with the same force and effect as if fully set forth herein.

90.     Defendants CANATSY, SALINAS, and DOES 1 to 5, while working as police officers and/or agents for CERES PD and CITY and acting within the course and scope of their duties, intentionally shot DECEDENT multiple times and failed to intervene in the shooting of DECEDENT by other Defendants.  The shooting was a use of unreasonable force against the DECEDENT, which the

DECEDENT did not consent to.

91. Defendants CANATSY, SALINAS, and DOES 1 to 5 had no legal justification for using deadly force against DECEDENT, and said Defendants' use of force while carrying out their duties as police officers was an unreasonable use of force under the circumstances.

92. As a direct and proximate cause of the aforementioned acts of said Defendants, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity.

93. As a result of their misconduct, Defendants CANATSY, SALINAS, and DOES 1 to 5 are liable for Plaintiff's and DECDENT'S injuries, either because they were integral participants in the excessive and unreasonable force or because they failed to intervene to prevent these violations. As a result thereof, DECEDENT experienced severe pain and suffering and lost his life and earning capacity. Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life. Plaintiff also claims a loss of financial support.

94. Defendants DOES 6 to 10 are directly liable and responsible for the acts of Defendants CANATSY, SALINAS, and DOES 1 to 5 because said Defendants DOES 6 to 10 failed to adequately train, discipline, supervise, or in any other way control Defendants CANATSY, SALINAS, and DOES 1 to 5 in the exercise of their unlawful use of excessive and lethal force.

95. Defendant CITY is vicariously liable for the wrongful acts of Defendants CANATSY, SALINAS, and DOES 1 to 10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is

liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

96.     The conduct of Defendants CANATSY, SALINAS, and DOES 1 to 5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to each of said Defendants.

97.     Plaintiff brings this claim individually and as successor in interest to DECEDENT and seeks both survival and wrongful death damages for the violation of Plaintiff's and DECEDENT'S rights.

98.     Plaintiff is claiming funeral and burial expenses and a loss of financial support.  Plaintiff also seeks attorney fees under this claim.

## EIGHTH CLAIM FOR RELIEF
### Negligence (Cal. Govt. Code § 820 and California Common Law)
### (Against all Defendants)
### (Wrongful Death)

99.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 98 of this Complaint with the same force and effect as if fully set forth herein.

100.   The aforementioned actions and inactions of Defendants were negligent and reckless, including but not limited to:

(a)     the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

(b)     the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

23

(c)     the negligent detention, arrest, and use of force, including deadly force, against DECDENT;

(d)     the failure to provide prompt medical care to DECEDENT;

(e)     the failure to properly train and supervise employees, both professional and non-professional, including Defendants CANATSY, SALINAS, and DOES 1 to 5; and

(f)     the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT.

101.   As a direct and proximate cause of the aforementioned acts of said Defendants, DECEDENT suffered extreme pain and suffering and eventually suffered a loss of life and of earning capacity.

102.   As a result of their misconduct, Defendants CANATSY, SALINAS, and DOES 1 to 5 are liable for Plaintiff's and DECDENT'S injuries, either because they were integral participants in the negligence or because they failed to intervene to prevent these violations.  As a result thereof, DECEDENT experienced severe pain and suffering and lost his life and earning capacity.  Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.  Plaintiff also claims a loss of financial support.

103.   Defendants DOES 6 to 10 are directly liable and responsible for the acts of Defendants CANATSY, SALINAS, and DOES 1 to 5 because said DOES 6 to 10 failed to adequately train, discipline, supervise, or in any other way control Defendants CANATSY, SALINAS, and DOES 1 to 5 in the exercise of their

unlawful use of excessive and lethal force, in their negligence, and in their other misconduct as described herein.

104.   Defendant CITY is vicariously liable for the wrongful acts of Defendants CANATSY, SALINAS, and DOES 1 to 10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

105.   Plaintiff brings this claim individually and as successor in interest to DECEDENT and seeks both survival and wrongful death damages for the violation of Plaintiff's and DECEDENT'S rights.

106.   Plaintiff is claiming funeral and burial expenses and a loss of financial support.

<u>**NINTH CLAIM FOR RELIEF**</u>

**Violation of Bane Act (Cal. Civil Code § 52.1)**

**(Against all Defendants)**

107.   Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 106 of this Complaint with the same force and effect as if fully set forth herein.

108.   California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

109.   Plaintiff is informed and believes and thereon alleges that Defendants CANATSY, SALINAS, and DOES 1 to 5, while working for the CERES PD and CITY, and acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against DECEDENT,

including by shooting DECEDENT without justification or excuse, by integrally participating and failing to intervene in the above violence, and by denying DECEDENT necessary medical care.

110.    When Defendants CANATSY, SALINAS, and DOES 1 to 5 shot DECEDENT and allowed him to suffer and bleed, each such Defendant interfered with the civil rights of DECEDENT to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

111.    Plaintiff is informed and believes and thereon alleges that Defendants CANATSY, SALINAS, and DOES 1 to 5 intentionally and spitefully committed the above acts to discourage DECEDENT from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.

112.    Plaintiff is informed and believes and thereon alleges that DECEDENT reasonably believed and understood that the violent acts committed by Defendants CANATSY, SALINAS, and DOES 1 to 5 were intended to discourage him from exercising the above civil rights, to retaliate against him, or to prevent him from invoking or exercising such rights.

113.    Defendants successfully interfered with the above civil rights of DECEDENT and Plaintiff.

114.    The conduct of Defendants was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT and Plaintiff.

115.    As a result of their misconduct, Defendants CANATSY, SALINAS, and DOES 1 to 5 are liable for Plaintiff's and DECEDENT'S injuries, either because they were integral participants in the violations or because they failed to intervene to prevent these violations.  As a result thereof, DECEDENT experienced severe

pain and suffering and lost his life and earning capacity.  Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of his natural life.  Plaintiff also claims a loss of financial support.

116.   Defendants DOES 6 to 10 are directly liable and responsible for the acts of Defendants CANATSY, SALINAS, and DOES 1 to 5 because said DOES 6 to 10 failed to adequately train, discipline, supervise, or in any other way control Defendants CANATSY, SALINAS, and DOES 1 to 5 in the exercise of their unlawful use of excessive and lethal force and misconduct as described herein.

117.   Defendant CITY is vicariously liable for the wrongful acts of Defendants CANATSY, SALINAS, and DOES 1 to 10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

118.   The conduct of Defendants CANATSY, SALINAS, and DOES 1 to 5 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiff and DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to each of said Defendants.

119.   Plaintiff brings this claim as successor in interest to DECEDENT and seeks both survival and wrongful death damages for the violation of DECEDENT'S rights.

120.   Plaintiff also seeks attorney fees under this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests entry of judgment in his favor and against Defendants Justin Canatsy, Jesus Salinas, City of Ceres, and DOES 1 to 10, inclusive, as follows:

1.    For compensatory damages, including both survival damages and wrongful death damages under federal and state law in the amount to be determined at trial;

2.    For funeral and burial expenses, and loss of financial support;

3.    For punitive damages against the individual defendants in an amount to be proven at trial;

4.    For interest;

5.    For reasonable costs of this suit and attorneys' fees pursuant to 42 U.S.C. § 1988 and Cal. Civil Code § 52.1; and

6.    For such further other relief as the Court may deem just, proper and appropriate.

Respectfully submitted,

Dated:  November 8, 2016          LAW OFFICES OF YORK & GARVEY

"/s/ Sarah L. Garvey"

_____
By:  Sarah L. Garvey (SBN 202491)
Attorneys for Plaintiff

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury

Dated:  November 8, 2016          LAW OFFICES OF YORK & GARVEY

"/s/ Sarah L. Garvey"

_____
By:  Sarah L. Garvey (SBN 202491)
Attorneys for Plaintiff

Complaint for Damages; Demand for Jury Trial