UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.T., a minor by and through his guardian ad litem Jessica Niblett, individually and as successor in interest of Albert B. Thompson, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF CERES, *et al*.,<br><br>Defendants. | Case No. 1:16-cv-01713-BAM<br><br>**ORDER REGARDING MOTION FOR APPROVAL OF MINOR'S COMPROMISE**<br><br>(Doc. No. 57) |

On March 29, 2019, Plaintiff S.T., a minor by and through his guardian ad litem Jessica Niblett, individually and as successor in interest of Albert B. Thompson, deceased ("Plaintiff") filed a motion to approve a compromise with Defendants City of Ceres, Justin Canatsy, and Jesus Salinas ("Defendants"). (Doc. No. 57.) On April 17, 2019, the parties filed a stipulation stating that counsel had met and conferred by telephone and Defendants do not oppose the motion. (Doc. No. 59.) The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g).

Having considered the motion, the terms of the settlement, and the record in this matter, the Court finds that the proposed settlement agreement is fair and reasonable. For the reasons that follow, the motion is APPROVED and GRANTED.

## II. FACTUAL BACKGROUND

Plaintiff initiated this action on November 10, 2016, asserting claims arising out of the police shooting death of his father, Albert B. Thompson. (Doc. No. 1.) On February 26, 2019, the parties participated in a settlement conference with the Court and reached a settlement. (Doc. No. 55.) Plaintiff filed the instant motion to compromise the claims of Plaintiff, a minor, on March 29, 2019. (Doc. No. 58.) Defendants have not opposed or objected to the motion.

### Terms of Settlement

Defendants have agreed to pay $230,000.00 to settle this action. According to the motion, $97,178.68 of this amount is apportioned to counsel for Plaintiff, representing $92,000.00 in attorneys' fees and $5,178.68 in costs, and $132,821.32 is apportioned to the minor Plaintiff. Plaintiff's portion of the settlement funds would be made payable to MetLife Assignment Company, Inc. to fund and purchase a structured annuity for Plaintiff's benefit with periodic payments to be made from January 24, 2026, through January 24, 2038, resulting in a total benefit of $203,935.00 to Plaintiff.

## III. DISCUSSION

### A. Relevant Standards

No compromise or settlement of a claim by a minor is effective unless it is approved by the Court. Local Rule 202(b). Any application for approval of a proposed settlement or compromise must disclose, among other things, the following:

> the age and sex of the minor . . ., the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount . . . was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise . . . .

Local Rule 202(b)(2). Additionally, when, as here, the minor is represented by an attorney, the representation must be disclosed to the Court, including the terms of employment and whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, whether the attorney stands in any relationship to that party, and whether the attorney has received or expects to receive any compensation, from whom, and the amount. Local Rule 202(c).

Federal Rule of Civil Procedure 17(c) also imposes on district courts a special duty to safeguard

the interests of litigants who are minors. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, the district court's special duty requires it to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

The Ninth Circuit's decision in *Robidoux* sets forth guidelines for determining the reasonableness of a minor's settlement and instructs district courts to "limit the scope of their review to the question [of] whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id.* at 1181–82. Further, the Ninth Circuit directed that the fairness of each minor's net recovery should be evaluated "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.* at 1182 (citing *Dacanay*, 573 F.2d at 1078). Although *Robidoux* expressly limited its holding to cases involving settlement of a minor's federal claims, *Id*. at 1179 n. 2, district courts also have applied this rule in the context of a minor's state law claims. *See Sykes v. Shea*, Civ. No. 2:16-2851 WBS GGH, 2018 WL 2335774, at *1 (E.D. Cal. May 23, 2018) (noting application of *Robidoux* to state law claims); *Frary v. Cty. of Marin*, No. 12-CV-03928-MEJ, 2015 WL 575818, at *2 (N.D. Cal. Feb. 10, 2015) (discussing that "district courts have found the *Robidoux* rule reasonable in the context of state law claims and have applied the rule to evaluate the propriety of a settlement of a minor's state law claims as well"); *see also Lobaton v. Cty. of San Diego*, No. 3: 15-cv-1416-GPC-DHB, 2017 WL 2610038, at *2 (S.D. Cal. Jun. 16, 2017) (applying *Robidoux* to evaluation of minor's settlement where district court exercising supplemental jurisdiction over state law claims).

**B. Analysis**

Here, the motion sets forth the required information. S.T. is an 11-year-old male suing through his guardian ad litem and mother, Jessica Niblett. Plaintiff is the son of decedent Albert B. Thompson and his claims arise out of a police shooting by Defendants Canatsy and Salinas, two police officers employed by the City of Ceres, which occurred at approximately 10:00 p.m. on January 5, 2016, in the parking lot of an apartment complex located at 2601 Don Pedro Avenue in Ceres, California, resulting in Mr. Thompson's death. The causes of action to be compromised are: 1) unreasonable search and

seizure—excessive force (42 U.S.C. § 1983) against Defendants Canatsy and Salinas only; 2) substantive due process (42 U.S.C. § 1983) against Defendants Canatsy and Salinas only; 3) battery; 4) negligence; and 5) Bane Act (Cal. Civ. Code § 52.1). Plaintiff seeks recovery of non-economic damages due to the deprivation of his father's life-long love, companionship, comfort, support, society, care, and sustenance. The settlement amount was reached at a settlement conference with the Court and Plaintiff contends that the amount is fair and reasonable because it is significant enough to make a tangible difference in Plaintiff's life after he reaches the age of majority while avoiding the emotional tolls and risks of trial.

Plaintiff is represented by attorneys Sarah L. Garvey and Darrell J. York of the Law Offices of York and Garvey. Plaintiff's attorneys were first retained in the summer of 2016 and have represented him through the pendency of this case. The retainer agreement provides for a contingency fee of 40% and Plaintiff's attorneys have advanced all costs in connection with this action. Counsel represents that they did not become involved in this matter at the instance of any party against whom the causes of action are asserted and they have not received any compensation for their services to date. Rather, counsel expected to receive compensation from funds distributed to S.T. in the amount of $92,000.00 (40 percent of $230,000.00), along with costs in the amount of $5,178.68.

Having considered the unopposed petition, the Court finds that the total settlement amount of $230,000.00 and the distribution of $132,821.32 to the minor Plaintiff to be fair and reasonable in light of the facts of the case, the specific claims, and recoveries in similar cases. *See, e.g., E.S. v. City of Visalia*, 2015 WL 6956837, at *2-3 (E.D. Cal. Nov. 3, 2015) (finding net payment of $130,44.83 for settlement of 6-year-old minor's claims arising out of the fatal shooting of his father by police officers to be fair and reasonable); *Garlick v. County of Kern,* 2015 WL 4087057 at *2-3 (E.D. Cal. Aug. 2, 2016 (approving minor's compromise in the amount of $132,000.00 where 15-year-old girl's father died following an altercation with police officers as fair and reasonable); *E.R. v. County of Stanislaus,* 2016 WL 3354334 at *3 (holding that a $125,000.00 compromise of three minor plaintiffs' claims arising out of their father's suicide while in police custody was fair and reasonable). Accordingly, the Court will approve the motion for minor's compromise.

Additionally, the parties have agreed to the purchase of a structured annuity and payments as set

4

forth below, which the Court finds appropriate. Specifically, the parties have agreed that Defendants will issue a settlement check in the amount of $132,821.32 to fund and purchase a structured annuity for the minor. The check will be made payable to "MetLife Assignment Company Inc.," which will provide periodic payments to be made by Metropolitan Tower Life Insurance Co., rated A+ Class XV by A.M. Best Company. The periodic payments will begin on January 24, 2026, when S.T. turns 18, and shall proceed as follows:

> $20,000.00 payable annually, guaranteed for 4 years, commencing on 1/24/2026
> $15,000.00 lump sum payment on 1/24/2029
> $20,000.00 lump sum payment on 1/24/2032
> $25,000.00 lump sum payment on 1/24/2035
> $63,935.00 lump sum payment on 1/24/2038

Upon review, the Court has determined that the structured annuity is reasonable and is in the best interests of the minor. The structured annuity spreads the distribution of funds over a lengthy period of time and delays payment of the largest portion until the minor is 30 years old, which both increases the payout and protects the minor from potential loss or waste of a single lump sum payment at age eighteen.

## III. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for approval of minor's compromise (Doc. No. 57) is GRANTED, and the terms of the settlement, including attorneys' fees, is APPROVED as fair and reasonable;
2. Upon execution of a written settlement agreement and release and delivery of all required documents by Plaintiff, Defendants, through counsel, shall prepare and deliver the drafts for the settlement proceeds in the total amount of $230,000.00 by May 24, 2019, payable as follows:
    a. From the total gross settlement, $97,178.68 shall be made payable to York & Garvey. These funds shall be used to satisfy the attorney fees and costs owed by minor S.T. to Plaintiffs' counsel;
    b. From the total gross settlement, $132,821.32 shall be made payable to MetLife Assignment Company, Inc. ("Assignee") to fund and purchase the structured annuity for Plaintiff S.T., a minor. The Assignee will provide periodic payments to be made

by Metropolitan Tower Life Insurance Co. ("Annuity Carrier") as set forth below.

   c. Disbursement drafts shall be made payable and begin being issued directly to S.T. upon reaching the age of maturity according to the following payment schedule:
      i. $20,000.00 payable annually, guaranteed for 4 years, commencing on 1/24/2026
      ii. $15,000.00 lump sum payment on 1/24/2029
      iii. $20,000.00 lump sum payment on 1/24/2032
      iv. $25,000.00 lump sum payment on 1/24/2035
      v. $63,935.00 lump sum payment on 1/24/2038;
   d. Defendants will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to the Assignee, of the Defendants' liability to make the periodic payments described above. Such assignment, if made, shall be accepted by Plaintiff S.T. without right of rejection and shall completely release and discharge Defendants from such obligations hereunder as are assigned to the Assignee;
   e. The City of Ceres and/or Assignee shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier;
   f. The Assignee shall be the owner of the annuity policy or policies, and shall have all rights of ownership;
   g. The Assignee may have Annuity Carrier mail payments directly to S.T. as set forth above. Jessica Niblett (until Plaintiff S.T. reaches the age of majority, and then S.T.) shall be responsible for maintaining the current, proper mailing address and mortality information to the Assignee;
3. Pursuant to the terms of the settlement agreement and release, the parties shall file appropriate papers to dismiss or conclude this action in its entirety after notification of payment confirmation.

6

1 | IT IS SO ORDERED.

Dated: **April 23, 2019**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE